UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, et al., | Civ. No. 1:22-cv-00727-NLH-SAK |
| Plaintiffs, | **OPINION** |
| v. | |
| FORTIS CONTRACTORS, LLC, | |
| Defendant. | |

**APPEARANCES**:

STEVEN J. BUSHINSKY, ESQ.
W. DANIEL FEEHAN, ESQ.
O'BRIEN, BELLAND & BUSHINSKY, LLC
509 S. LENOLA ROAD
BUILDING 6
MOORESTOWN, NJ 08507

   *Attorneys for Plaintiffs*

**HILLMAN**, **District Judge**

Before the Court is the motion for default judgment filed by Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, Vacation Fund, and Painters District Council 711 Finishing Trades Institute, and International Union of Painters and Allied Trades District Council 711 (collectively, "Plaintiffs"). (ECF 8). The Court has considered the written submissions on the record and decides

this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons below, Plaintiffs' motion for default judgment will be granted.

## BACKGROUND

Plaintiffs allege that Defendant, Fortis Contractors, LLC ("Defendant"), agreed to a Collective Bargaining Agreement ("CBA") as well as related Agreements and Declarations of Trust ("Trust Agreements"). (ECF 1 at 5). Plaintiffs explain that the Trust Agreements require Defendant to make timely fringe benefit contributions for eligible participants, the CBA requires Defendant to remit dues checkoffs for union-member employees, and the CBA requires Defendant to pay wages for all hours worked by union-member employees. (Id. at 6-10). Plaintiffs assert that Defendant has: (1) failed to remit portions of the required fringe benefit contributions, (2) failed to remit dues checkoffs, and (3) failed to pay full wages. (Id.).

On February 10, 2022, Plaintiffs filed a Complaint against Defendant, alleging failure to make fringe benefit contributions in violation of 29 U.S.C. §1145, failure to remit dues checkoffs as required by the CBA, and failure to pay wages as required by the CBA. (ECF 1). Plaintiffs effectuated service of the Complaint and Summons on February 12, 2022. (ECF 7-1 at 4).

2

Defendant has not responded.

On March 9, 2022, Plaintiffs filed a request for default with the Clerk (ECF 7), and the Clerk entered default on March 10, 2022. (Id.). On April 20, 2022, Plaintiffs filed the presently pending motion for default judgment, seeking an award of $22,694.84 plus attorney's fees and costs in the amount of $3,195.61. (ECF 8). Defendant has not responded to this motion or made an appearance.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has jurisdiction over this matter pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

### II. Legal Standard for Motion for Default Judgment

The Federal Rules of Civil Procedure provide a two-step process for parties seeking default judgment. Fed. R. Civ. P. 55; Akishev v. Kapustin, 23 F. Supp. 3d 440, 450 (D.N.J. May 28, 2014). The first step is the entry of default. The Clerk must enter a default when "the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Next, Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter default judgment against a properly served defendant who fails to file a timely responsive pleading. Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. Apr. 7, 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).

When considering a motion for default judgment, the court is to accept as true all well-pleaded factual allegations contained in the complaint, but not the movant's legal conclusions or allegations relating to damages amount. Gordashevsky, 558 F. Supp. 2d at 535-36.  Before entering a default judgment, the "court must determine: (1) whether the plaintiff has produced sufficient proof of valid service and jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" Chanel, Inc. v. Matos, 133 F. Supp. 3d 678, 683 (D.N.J. Aug. 13, 2015).  The court determines whether entry of default judgment is proper by considering three factors: (1) whether the party seeking default will be prejudiced if default is denied, (2) whether the party subject to default has a meritorious defense, and (3) whether the party subject to default is culpable for the delay in responding.  Id. at 686; see also Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

## ANALYSIS

### A. Entry of Default Judgment

The first step of the process for seeking a default judgment is satisfied, as the Clerk properly entered a default against Defendant on March 10, 2022. (ECF 7). Thus, this Court may enter a default judgment upon consideration of Plaintiffs' motion. Here, all relevant factors weigh in favor of granting Plaintiffs' motion for default judgment.

First, Plaintiffs have presented sufficient proof of jurisdiction and service. As stated above, the Court has jurisdiction over this matter pursuant to both ERISA, 29 U.S.C. §§ 1132 and 1145 and the LMRA, 29 U.S.C. § 185. As a limited liability company, Defendant was required to be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); Cerrato v. Seaboard Corp. Servs., LLC, No. 19-9448, 2020 WL 2559535, at *1 (D.N.J. May 20, 2020). Plaintiffs have produced a return of service form showing that Ruth Morales, General Agent of the Defendant limited liability company, was personally served the Complaint and Summons on February 12, 2022. (ECF 7-1 at 4).

Second, the Court finds that the Complaint states a valid cause of action. Section 515 of ERISA requires employers

5

obligated to make contributions under the terms of a CBA to "make such contributions in accordance with the terms and conditions of such ... agreement." 29 U.S.C. § 1145.  Plaintiffs have sufficiently pled that Defendant was subject to a CBA and failed to make contributions in whole or in part from June 1, 2021 through July 31, 2021.  (ECF 1 at 6-7, ECF 8-1 at 3-4).  Thus, Plaintiffs have sufficiently pled an ERISA violation.  In addition to their ERISA claim, Plaintiffs also allege that Defendant breached the CBA in violation of the LMRA.  (ECF 1 at 9-10).

Section 301 of the LMRA provides for jurisdiction in the district courts of the United States in "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce."  See 29 U.S.C. § 185.  Plaintiffs have sufficiently pled that Defendant was subject to the CBA, that pursuant to the CBA Defendant was required to remit dues checkoffs, and that Defendant breached the CBA by failing to remit dues checkoffs, withholding the amounts from union-member employees' wages but not remitting the amounts to the union.  (ECF 1 at 9).

Plaintiffs have also sufficiently pled that the CBA requires Defendant to pay all wages for all hours worked, and that Defendant breached the CBA by failing to pay full wages during the period of March 2021 through July 2021.  (ECF 1 at

6

10).  Thus, Plaintiffs state a cause of action under the LMRA.

Finally, the Court finds that entry of default judgment is proper.  Plaintiffs "will be prejudiced if default judgment is denied, as [they] have not yet received the delinquent contributions that they are owed." Trs. of the United Food and Com. Workers Union and Participating Food Industry Employers Health and Welfare Fund v. Mt. Laurel Ctr. For Rehab. and Health Care, No. 19-15417, 2020 WL 2111027, at *3 (D.N.J. May 1, 2020).  Plaintiffs have further been prejudiced by Defendant's failure to file an answer or otherwise present a defense as it has prevented them from moving forward with the instant case.  See Trs. of the N.J. B.A.C. Health Fund v. Doran Tatrow Assocs., No. 18-16556, 2020 WL 525922, at *2 (D.N.J. Jan. 31, 2020).  This prejudice weighs in favor of granting the default judgment.

Defendant has failed to set forth a meritorious defense that would caution against default judgment.  "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Maersk Line v. TJM Int'l LLC, 427 F. Supp. 3d 528, 536 (D.N.J. Jul. 3, 2019) (quoting Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984)).  Defendant has not presented a meritorious defense as it has not filed an answer or otherwise defended itself.  Such failure to defend weighs in favor of

7

granting Plaintiffs' motion for default judgment.  See Barrett v. Tri-Coast Pharmacy, Inc., 518 F. Supp. 3d 810, 829 (D.N.J. Feb. 10, 2021).

With respect to Defendant's culpability, "if a defendant fails to answer, move, or otherwise respond to an action, culpability will be presumed." Id. at 830.  As Defendant is culpable, that weighs in favor of granting the default judgment.  All three considerations that govern whether a default judgment is proper weigh in favor of granting Plaintiffs' motion for default judgment.

As all of the required factors permitting default judgment are met, the Court holds that Plaintiffs are entitled to a default judgment.

### B. Damages

Having determined that Plaintiffs will be granted default judgment, the Court must now assess damages.  A plaintiff's allegations as to damages are not presumed to be true. Gordashevsky, 558 F. Supp. 2d at 535-36.  The Court "may conduct hearings or make referrals" in order to determine damages, Fed. R. Civ. P. 55(b)(2), but such steps are unnecessary when damages are "for a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1).  Such is the case here, as the Court has received sufficient information to determine damages.

Plaintiffs seek $6,056.13 in delinquent contributions, $1,211.23 in liquidated damages, and $217.21 in interest. (ECF 8-1 at 5). These damages are appropriate in an action for violation of Section 515 of ERISA. See 29 U.S.C. § 1132(g)(2) (permitting the awarding of unpaid contributions, interest, and liquidated damages). Plaintiffs seek $15,210.27 in unpaid wages. (ECF 8-1 at 5). These damages are appropriate in an action for violation of Section 301 of the LMRA. See 29 U.S.C. § 187 (permitting the awarding of damages sustained).

Plaintiffs also seek attorney's fees and costs. (ECF 8-1 at 5). Attorney's fees and costs are permitted by ERISA, 29 U.S.C. § 1132(g)(2)(D) as well as the LMRA, 29 U.S.C. § 187.

Before attorney's fees can be awarded a determination must be made as to whether they are reasonable. This is done by conducting a lodestar analysis, which multiplies a reasonable hourly rate by a reasonable number of hours worked. Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001). District courts have substantial discretion in determining reasonable rates and hours, Id., though "in most cases, the relevant rate is the prevailing rate in the forum of the litigation." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005).

Parties seeking attorney's fees "must include fairly definite information as to hours devoted to various general

9

activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." Evans v. Port Auth. of N.Y. and N.J., 273 F.3d 346, 361 (3d Cir. 2001) (citation omitted).  This standard mirrors our Local Civil Rule 54.2, which requires that motions for fees be accompanied by documentation detailing the nature of services provided, dates of service and time spent, normal billing rates, and similar information.  L. Civ. R. 54.2(a).  Failure to sufficiently document hours may lead to a reduced award.  United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 291 (3d Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Here, Plaintiffs seek $2,327.50 in attorney's fees and $868.11 in costs, totaling $3,195.61.  (ECF 8-1 at 6, 50-53). Two attorneys performed services on this case, a partner and an associate, both at the rate of $175.00 per hour.  Two paralegals performed services on this case at the rate of $70.00 per hour. Plaintiffs do not support the reasonableness of the applied rates with supporting documentation, but the Court nonetheless finds them to be reasonable within the southern New Jersey market.  See L.J. ex rel. V.J. v. Audubon Bd. of Educ., 373 F. App'x 294, 298 (3d Cir. 2010) (unpublished) (stating that the District Court properly exercised its discretion in setting a reasonable hourly rate at $250 per hour); D'Orazio v. Washington

10

Twp., No. CIV.A. 07-5097 JEI, 2011 WL 6717427, at *4 (D.N.J. Dec. 21, 2011), aff'd in part, remanded in part, 501 F. App'x 185 (3d Cir. 2012) (finding $85 to be a reasonable rate for a paralegal).[1]

Plaintiffs have further provided a detailed accounting of the hours worked to the tenth of an hour, including a description of the work done; who performed the work; and the rate charged. (ECF 8-1 at 50–53). In sum, 13.5 hours of work were performed by the paralegals at a rate of $70.00 per hour for a total of $945.00 and 7.9 hours were performed by the attorneys at a rate of $175.00 per hour for a total of $1382.50. The Court finds that these hours are appropriate for the work performed. See Trustees of IBEW Loc. 351 Pension Fund, 351 Sur. Fund, Welfare Fund, Joint Apprenticeship & Training Comm., S. Jersey Elec. Workers Temp. Disability Fund v. NRC Controls, LLC, No. 22-03217, 2022 WL 17486260, at *5 (D.N.J. Dec. 7, 2022) (finding 3.6 hours billed by an attorney and 23.9 by a paralegal

---

[1] The Court also finds instructive the rate schedule set forth by Community Legal Services of Philadelphia ("CLS"), which this Court has looked to for guidance in the past. Attorney Fees, CLS, https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited December 30, 2022) (setting attorney's fees for an attorney with under two years of experience between $200 and $200 per hour and fees for a paralegal between $160 and $200); see Bilazzo v. Portfolio Recovery Assocs., LLC, 876 F. Supp. 2d 452, 470 (D.N.J. Jun. 25, 2012) (utilizing the CLS fee schedule as guiding metric in setting fee rates).

11

to be reasonable in an ERISA action).

Plaintiffs' costs include the following: $35 for recording related to a notice of construction lien, $220.55 for a courier to file construction lien, $35.00 for amendment to the construction lien, $19.31 for courier for amended construction lien, $402.00 for filing of Complaint, $6.25 for business record search, and $150.00 for service of Complaint and Summons.  (ECF 8-1 at 50-53)  The Court finds that the total costs are reasonable and should be awarded.

## CONCLUSION

For the reasons expressed above, Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55 will be granted.

An appropriate Order will be entered.

Dated: January 6, 2023                s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.