[ECF No. 13]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, VACATION FUND, AND PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE et al.,**<br><br>  **Plaintiffs,**<br><br>  v.<br><br>**FORTIS CONTRACTORS, LLC,**<br><br>  **Defendant.** | Civil No. 22-727 (NLH/SAK) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Compel Discovery [ECF No. 13] filed by Plaintiffs Trustees of International Union of Painters and Allied Trades District Council 711 Health and Welfare Fund, Vacation Fund, and Painters District Council 711 Finishing Trades Institute (the "Funds"), and International Union of Painters and Allied Trades District Council 711 (the "Union") (collectively, "Plaintiffs"). No opposition has been filed. The Court exercises its discretion to decide Plaintiffs' motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiffs' motion is **GRANTED**.

I.   **BACKGROUND**

Plaintiffs filed this action on February 10, 2022 against Defendant Fortis Contractors, LLC alleging that Defendant (1) failed to fully remit fringe benefit contributions due under the parties'

collective bargaining agreement in violation of section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, (2) failed to remit dues checkoffs, and (3) failed to pay full wages. *See generally* Compl. [ECF No. 1]. On February 28, 2022, Plaintiffs filed a Summons Returned Executed [ECF No. 6] noting that Defendant was served on February 12, 2022 and that its response was due by March 7, 2022. Defendant did not move or otherwise respond to the Complaint. On March 10, 2022, Plaintiffs filed a request for default [ECF No. 7], which the Clerk entered the following day.

On April 20, 2022, Plaintiffs filed a motion for default judgment [ECF No. 8] seeking an award of $22,694.84 plus attorneys' fees and costs. Specifically, Plaintiffs sought $6,056.13 in unpaid benefit contributions, $15,210.27 in unpaid wages, in addition to liquidated damages and interest. *See* Pls.' Br. Supp. of Mot. Default J. at 3–5 [ECF No. 8-1]. On January 6, 2023, the Honorable Noel L. Hillman, U.S.D.J., granted Plaintiffs' motion and entered judgment in their favor in the amount of $25,890.45. *See* Op. [ECF No. 9]; Order [ECF No. 10]; J. [ECF No. 11]. To date, Defendant has not made an appearance in the case in any capacity.

On March 27, 2023, Plaintiffs served Defendant with Asset Interrogatories by regular and certified mail. Bushinsky Cert. ¶ 6 [ECF No. 13-1]. A copy of Plaintiffs' March 27, 2023 letter and the certified mail receipt executed by Defendant on March 31, 2023, are attached to the motion as Exhibit A. *See id.* Plaintiffs contend that Defendant failed to respond to the Asset Interrogatories and now move for an Order compelling Defendant to provide answers. *See id.* ¶¶ 7–8.

II.     **DISCUSSION**

As the Supreme Court has noted, the "rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). Pursuant to Federal Rule of Civil Procedure 69(a)(2), in aid of the judgment or execution,

2

a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *See generally* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3014 (3d ed.) ("A judgment creditor may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held."); *see, e.g.*, *United States v. Chazen*, No. 08-2314, 2019 WL 113722 (D.N.J. Jan. 4, 2019) (granting motion to compel the judgment debtor to appear for a deposition and to provide answers to interrogatories to aid the plaintiff in the collection of its judgment).

"The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Republic of Argentina*, 573 U.S. at 139 (quoting FED. R. CIV. P. 26(b)(1)). Since the federal rules do not provide a specific formula for obtaining postjudgment discovery, district courts look to state law for procedural guidance. *See* FED. R. CIV. P. 69(a)(1). To obtain postjudgment discovery under New Jersey law,

> the judgment creditor . . . may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or . . . may proceed as provided by [Rule] 6:7-2, except that service of an order for discovery or an information subpoena shall be made as prescribed by [Rule] 1:5-2 for service on a party.  The court may make any appropriate order in aid of execution.

N.J. CT. R. 4:59-1(f).  "An information subpoena may be served upon the judgment debtor, without leave of court, accompanied by an original and copy of written questions and a prepaid, addressed return envelope." N.J. CT. R. 6:7-2(b)(1).  The information subpoena and written questions must conform with and be limited to those set forth in Appendix XI–L to the New Jersey Court Rules. *See id.*  Lastly, service of the subpoena shall be made personally, "as provided by [Rule] 4:4-4[,] or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to

3

the party's last known address." *See* N.J. CT. R. 1:5-2, 4:4-4; *see also Consolidated Rail Corp. v. Alliance Shippers, Inc.*, No. 93-1327, 2015 WL 3658848 (D.N.J. June 12, 2015) (denying motion to compel, in part, due to the judgment creditor's failure to comply with New Jersey law governing service of an information subpoena seeking postjudgment discovery). The original subpoena, with answers to the written questions annexed thereto, must be returned to the judgment creditor within fourteen (14) days of service thereof. *See* N.J. CT. R. 6:7-2(b)(1).

Here, the Court will grant Plaintiffs' motion to compel and Order that Defendant provide answers to their Asset Interrogatories. Plaintiffs properly served the interrogatories on Defendant, and the interrogatories seek permissible postjudgment discovery under both state and federal law. *See* FED. R. CIV. P. 69(a)(2); N.J. CT. R. 4:59-1(f). Plaintiffs served their letter and accompanying interrogatories on Defendant by regular and certified mail consistent with New Jersey state law. Although Plaintiffs did not include a copy of the interrogatories with their motion, the Court finds no basis to conclude that they do not correspond with the questions set forth in Appendix XI–L to the New Jersey Court Rules. *See* N.J. CT. R. 1:5-2; 4:59-1(f); 6:7-2(b)(1). In light of the permissive nature of postjudgment discovery, combined with the absence of a specific formula for obtaining it under the federal rules, the Court finds that Plaintiffs' have demonstrated good cause to compel Defendant to provide the requested discovery. *See generally* FED. R. CIV. P. 69(a), 83(b); *see also* L. CIV. R. 83.3 (noting "the procedure and practice of the Courts of the State of New Jersey may be considered for guidance"). The Court also notes Plaintiffs' motion is unopposed. The Court further notes that Defendant has otherwise failed to appear in the case or respond to Plaintiffs' Complaint in any capacity. Therefore, the Court will grant Plaintiffs' motion and enter an Order compelling Defendant to promptly provide answers to their Asset Interrogatories.

### III.  CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **20th** day of **July**, **2023**, that Plaintiffs' Motion to Compel Discovery [ECF No. 13] is **GRANTED**; and it is further

**ORDERED** that Defendant Fortis Contractors, LLC shall provide answers to Plaintiffs' Asset Interrogatories no later than **August 10, 2023**; and it is further

**ORDERED** that Defendant Fortis Contractors, LLC may be subject to sanctions if it fails to timely respond to the Asset Interrogatories or otherwise refuses to comply with this Order; and it is further

**ORDERED** that Plaintiffs shall use all reasonable means to assure that Defendant Fortis Contractors, LLC is served with this Order.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Noel L. Hillman, U.S.D.J.